**Original filed 4/27/07**

**Original filed 4/27/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE ANDRADE, | ) | No. C 02-4019 JF (PR) |
| Plaintiff, | ) ) | PARTIAL DISMISSAL ORDER; ORDER OF SERVICE |
| v. | ) ) | |
| CORRECTIONAL OFFICER GONZALEZ, et. al., | ) ) ) | |
| Defendants. | ) ) | |

Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in the Eastern District of California against prison employees at the Correctional Training Facility in Soledad, California. The instant case was transferred to this Court from the Eastern District on August 20, 2002. Plaintiff has been granted in forma pauperis status in a separate written order. The Court initially ordered Plaintiff to file a notice of his current address and whether he wished to continue to pursue the claims set forth in his complaint. Thereafter, Plaintiff filed a notice of intent to prosecute. The Court will review the complaint pursuant to 28 U.S.C. § 1915, dismiss Plaintiff's Eighth Amendment claims and order service of the complaint as to the remaining claims on the named Defendants.

\\\

**BACKGROUND**

On July 11, 2001, Plaintiff was incarcerated at the Correctional Training Facility ("CTF") in Soledad, California. An incident occurred on the recreation yard and Plaintiff was detained in administrative segregation for battery on an inmate with serious injuries. See Complaint, Exhibit A (Notice of Administrative Segregation placement dated July 11, 2001). Plaintiff was interviewed and examined by the medical department to determine if he had any injuries. Plaintiff received no injuries. See Complaint, Exhibit B (Medical Report of Injury or Unusual Occurrence dated July 11, 2001).

Plaintiff was issued a California Department of Corrections ("CDC") 115 Rules Violation Report for battery on an inmate with serious injury. See Complaint, Exhibit C (CDC 115 Rules Violation Report dated July 12, 2001). Plaintiff maintains that there were several discrepancies included in the reports. The incident was referred to the local District Attorney's office and prosecution was declined. See id.

On August 31, 2001, Plaintiff appeared before Defendant Gonzalez, the disciplinary hearing officer. Plaintiff pled not guilty to the disciplinary charge of battery on an inmate with serious injury. Plaintiff relied on his medical report and the medical report of the victim, inmate Urango. See Complaint, Exhibit D. Plaintiff alleges that Defendant Gonzalez refused to call Plaintiff's witnesses and did not explain why, per CDC procedure. Plaintiff maintains that he was found guilty of the offense based upon unfair and unreasonable logic. See Complaint at 3-4. Plaintiff was found guilty based upon a preponderance of the evidence and the medical reports. Plaintiff alleges that the fact of the victim's broken teeth should not have been relied upon, since it could not be proven that the incident was the cause of the broken teeth. Plaintiff contends that Officer Gonzalez had a duty to call Plaintiff's witnesses and did not explain why these witnesses were not called at the hearing. Defendants R.A. Pope and J. Solis approved the findings of Defendant Gonzalez in the disciplinary hearing and failed to do their appointed task. Defendants failed to note the fact that based upon the injuries the victim suffered, Plaintiff's medical report did not match, as he had no injuries. See Complaint at 3-4. Plaintiff was assessed three-hundred and sixty (360) days forfeiture of credit for this offense.

1  Plaintiff maintains that Defendant Gonzalez intentionally neglected to provide him with a
2 fair disciplinary hearing by not reviewing all of the evidence or calling witnesses in violation of
3 due process.  Defendants R.A. Pope and J. Solis reviewed the disciplinary findings and
4 intentionally neglected to review the findings of Defendant Gonzalez and provide Plaintiff with a
5 fair disciplinary hearing in violation of due process.  Plaintiff maintains that he was denied due
6 process because he did not receive a copy of the incident report by Correctional Officer
7 Hernandez before the disciplinary hearing.  Plaintiff received this report on September 7, 2001,
8 along with his final CDC 115 Rules Violation Report.  Plaintiff claims that he was subjected to
9 cruel and unusual punishment for his placement in the security housing unit ("SHU") without
10 first providing him with a fair hearing and review of the hearing.  See Complaint at 5.  Plaintiff
11 alleges that he was subjected to cruel and unusual punishment because his co-defendant Alvarez
12 was granted a new hearing for a due process violation, based upon the same grounds alleged by
13 Plaintiff, although Plaintiff was not provided with a new hearing.  See Complaint at 4-5.
14  Plaintiff names the following Defendants in his complaint: CTF Correctional Lieutenant
15 C. Gonzalez; CTF Correctional Facility Captain R.A. Pope; and CTF Associate Warden J. Solis.
16  Plaintiff seeks a declaratory judgment, injunctive relief, and compensatory and punitive
17 monetary damages.  See Complaint at 2, 6.

**DISCUSSION**

19 A.  Standard of Review

20  Federal courts must engage in a preliminary screening of cases in which prisoners seek
21 redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §
22 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims
23 that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek
24 monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).

25  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
26 elements: (1) that a right secured by the Constitution or laws of the United States was violated,
27 and (2) that the alleged deprivation was committed by a person acting under the color of state
28 law.  West v. Atkins, 487 U.S. 42, 48 (1988).  To state a claim a plaintiff must show a specific

constitutional or federal guarantee safeguarding the interests that have been invaded. Paul v. Davis, 424 U.S. 693, 697 (1976).

B. Plaintiff's Claims

**1. Due Process**

Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Thus, although prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply, the Due Process Clause requires certain minimum procedural protections if (1) State statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty in question is one of "real substance." See Sandin v. Conner, 515 U.S. 472, 477-87 (1995); Wolff, 418 U.S. at 556-57, 571-72 n.19.

California's regulations concerning discipline provide explicit standards that narrowly fetter official discretion. See Cal. Code Regs. tit. 15, § 3320(l) (requiring guilt to be proven by preponderance of evidence standard); § 3320(a) (requiring notice); § 3320(b) (requiring hearing); Walker v. Sumner, 14 F.3d 1415, 1419 (9th Cir. 1994) (finding Nevada regulations, which are similar to California's, create liberty interest). The Court assumes for the purpose of this discussion that the sanctions imposed against Plaintiff were deprivations of liberty of real substance.

Wolff established five procedural requirements for prison disciplinary hearings implicating the Due Process Clause. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Wolff, 418 U.S. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." Id. Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence

Partial Dismissal Order; Order of Service
P:\pro-se\sj.jf\cr.02\Andrade019srv         4

1  in his defense when permitting him to do so will not be unduly hazardous to institutional safety
2  or correctional goals." Id. at 566; see also Bartholomew v. Watson, 665 F.2d 915, 917-18 (9th
3  Cir. 1982) (right to call witnesses is basic to fair hearing and decisions to preclude should be on
4  case by case analysis of potential hazards of calling particular person).  Fifth, "[w]here an
5  illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the
6  inmate will be able to collect and present the evidence necessary for an adequate comprehension
7  of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate
8  substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." Wolff, 418 U.S.
9  at 570.  The Court specifically held that the Due Process Clause does not require that prisons
10 allow inmates to cross-examine their accusers, see id. at 567-68, and does not give rise to a right
11 to counsel in the proceedings, see id. at 569-70.

12     In Superintendent v. Hill, 472 U.S. 445, 454 (1985), the Court held that the minimum
13 requirements of procedural due process also require that the findings of the prison disciplinary
14 board be supported by some evidence in the record. Id. at 454.  An examination of the entire
15 record is not required nor is an independent assessment of the credibility of witnesses or
16 weighing of the evidence. See id.  The relevant question is whether there is any evidence in the
17 record that could support the conclusion reached by the disciplinary board. Id. at 455.  The
18 Ninth Circuit additionally has held that there must be some indicia of reliability of the
19 information that forms the basis for prison disciplinary actions. See Cato v. Rushen, 824 F.2d
20 703, 704-05 (9th Cir. 1987).

21     The fact that a prisoner may have been innocent of disciplinary charges brought against
22 him, however, does not give rise to a constitutional claim.  The Constitution demands due
23 process in prison disciplinary procedures, not error-free decision-making.  See Ricker v.
24 Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir.
25 1983).

26     Plaintiff alleges that Defendant Gonzalez refused to allow him to call witnesses at the
27 disciplinary hearing and did not explain why.  Plaintiff maintains that Defendant Gonzalez
28 intentionally neglected to provide him with a fair disciplinary hearing by not reviewing all of the

evidence or calling witnesses. Plaintiff claims that Defendants R.A. Pope and J. Solis intentionally neglected to review the findings of Defendant Gonzalez and provide Plaintiff with a fair disciplinary hearing. Plaintiff contends that he was denied due process because he did not receive a copy of the incident report by Correctional Officer Hernandez before the disciplinary hearing. Plaintiff states that his co-defendant Alvarez was granted a new disciplinary hearing based upon the same grounds alleged by Plaintiff, however, Plaintiff was not given a second hearing. Liberally construed, Plaintiffs allegations are sufficient to state a cognizable claim of a violation of his right to due process in his disciplinary hearing. The Court will order service of this claim on the named Defendants.

### 2. Cruel and Unusual Punishment

"[T]he transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." Hewitt v. Helms, 459 U.S. 460, 468 (1983); cf. Neal v. Shimoda, 131 F.3d 818, 833 (9th Cir. 1997) (contemporary standards of decency are not violated by classification programs which pursue "important and laudable" goals and are instituted under the state's authority to operate correctional facilities). An indeterminate sentence in administrative segregation, without more, does not constitute cruel and unusual punishment in violation of the Eighth Amendment. See Anderson v. County of Kern, 45 F.3d 1310, 1315-16 (9th Cir. 1995) (no contact with any other inmate in administrative segregation, either for exercise, day room access or otherwise not cruel and unusual punishment), cert. denied, 516 U.S. 916 (1995); Toussaint v. Yockey, 722 F.2d 1490, 1494 n.6 (9th Cir. 1984) (more than usual hardships associated with administrative segregation required to state Eighth Amendment claim).

As a matter of law, Plaintiff's claim that he was subject to cruel and unusual punishment for his placement in SHU is not cognizable under § 1983. Additionally, Plaintiff's allegation of cruel and unusual punishment based upon the fact that his co-defendant Alvarez was granted a new disciplinary hearing upon the same grounds alleged by Plaintiff, and Plaintiff did not receive a new hearing, is not cognizable under the Eighth Amendment. The Court has addressed Plaintiff's second allegation in his due process claim, set forth above. Because the Court

P:\pro-se\sj.jf\cr.02\Andrade019srv            6

1 concludes that amendment would be futile, Plaintiff's Eighth Amendment claims are dismissed
2 without leave to amend.

### CONCLUSION

1. Plaintiff's Eighth Amendment claims are DISMISSED WITH PREJUDICE and without further leave to amend.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter (docket no. 1), all attachments thereto, and copies of this order on Defendants: Correctional Lieutenant C. Gonzalez; Correctional Facility Captain R.A. Pope; and Associate Warden J. Solis, all located at the Correctional Training Facility in Soledad, California. The Clerk shall also serve a copy of this order on Plaintiff.

3. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than **sixty (60) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion, or shall notify the Court that Defendants are of the opinion that this case cannot be resolved by such a motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

    **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.**

    All papers filed with the Court shall be promptly served on Plaintiff.

    b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

    > The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
    > Rule 56 tells you what you must do in order to oppose a

1
2
3
4
5
6
7
8
9

    motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

10 See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

11     Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex
12 Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing
13 summary judgment must come forward with evidence showing triable issues of material fact on
14 every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to
15 Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the
16 granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v.
17 Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th
18 Cir. 1994).

19     Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative
20 remedies under 42 U.S.C. § 1997e(a) will, if granted, end his case, albeit without prejudice.
21 Plaintiff must "develop a record" and present it in his opposition in order to dispute any "factual
22 record" presented by the defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d
23 1108, 1120 n.14 (9th Cir. 2003).

24     c.    Defendant shall file a reply brief no later than **fifteen (15) days** after
25 Plaintiff's opposition is filed.

26     d.    The motion shall be deemed submitted as of the date the reply brief is due.
27 No hearing will be held on the motion unless the Court so orders at a later date.

28     4.    All communications by the Plaintiff with the Court must be served on Defendants,

1  or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants'
2  counsel.
3          5.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
4  and the parties informed of any change of address and must comply with the Court's orders in a
5  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
6  pursuant to Federal Rule of Civil Procedure 41(b).
7          6.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
8  No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is
9  required before the parties may conduct discovery.
10         IT IS SO ORDERED.
11 DATED:  4/27/07
                                                        _____
12                                                      JEREMY FOGEL
                                                        United States District Judge

Partial Dismissal Order; Order of Service
P:\pro-se\sj.jf\cr.02\Andrade019srv                 9

1  A copy of this ruling was mailed to the following:

2

3  Jose Andrade
   P.O. Box 1385
   Freedom, CA  95019

4

5  Constance L. Picciano
   California Attorney General's Office
6  P.O. Box 944255
   1300 I Street, Suite 125
7  Sacramento, CA  94244-2550

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28